UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SANAYI BECKLES-CANTON,
,

Plaintiff,

- against -

LUTHERAN SOCIAL SERVICES OF NEW
YORK, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMO ENDORSED**

20-cv-04379-KPF

**STIPULATED
PROTECTIVE ORDER**

The parties to this action having requested that the Court issue a protective order to protect the confidentiality of personal and proprietary information that may need to be disclosed to adversary parties in connection with discovery in this case pursuant to the Federal Rules of Civil Procedure, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Fed. R. Evid. 502(d), the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action,

It is hereby ordered by the Court that any material (which includes all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery or requests in this matter) supplied during the course of this litigation ("Discovery Material") that the disclosing party or entity reasonably and in good faith believes to constitute or include confidential personal information, medical records, personnel records, or such other

sensitive commercial information that is not publicly available (hereinafter, the "Protected Material")—including Protected Material supplied to the Court and/or the parties to this litigation by any disclosing party or entity prior to the entry of this Protective Order—may be designated "Confidential" at the disclosing party's or entity's election. To the extent practicable, counsel for disclosing parties or entities are directed to mark such documents as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" designation.

1. The Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. The protections conferred by this Protective Order cover not only the Protected Materials designated "Confidential," but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, or presentations regarding the Protected Material by any party.

3. The designation "Confidential" does not mean that the document has any status or protection by statute or otherwise except to the extent and for purposes of this Order.

4. Unless ordered by the Court, or otherwise provided for herein, all Discovery Material, including but not limited to the Protected Material disclosed, will be held and used by the person receiving such information solely for use in connection with the action in which this Order issued. The documents shall not be disclosed to the media, posted on the internet or otherwise made public not in connection with this action, or used for any business, commercial, or other purpose not connected to the litigation of the action in which this Order is issued.

5.      Nothing in this Protective Order operates to create an admission by any party that Protected Material disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Protected Material disclosed, in accordance with applicable law and Court rules.

6.      The designation "Confidential" shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees or agents in violation of this Order, (iii) has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action, or (iv) has come into a receiving party's legitimate possession prior to entry of this Order.

7.      The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated as "Confidential."

8.      With respect to the Confidential portion of any Protected Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Protected Material with the confidential information redacted.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential Information, in which case those portions of

the transcript of the designated testimony shall be marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

9.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Protected Material that that person previously produced without limitation should be designated as Confidential, he may so designate such material by so apprising all parties in writing, and such designated portion[s] of the Protected Material will thereafter be treated as Confidential under the terms of this Order.

10.     No person subject to this Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.     the parties to this action and employees of the parties who have responsibility for the preparation and trial of the action;

b.     counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action; provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

e.     any person retained by a party to serve as an expert witness, consultant, or investigator (including support personnel working with such individuals, if any) employed by the parties or counsel for the parties to assist in the

preparation and trial of this action or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

       f.    other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

       g.    court reporters and stenographers engaged to transcribe depositions conducted in this action; and

       h.    this Court.

11.    Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 10(d) or 10(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel shall make reasonable efforts to seek the return or destruction of materials provided to prospective witnesses.

12.    Notwithstanding the designation of material as "Confidential", there is no presumption that such Protected Material will be filed with the Court under seal. To the extent necessary, the Parties agree to follow Judge Failla's Individual Practices to request that any document be filed under seal.

13.    Any party or producing person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person or party requesting production a written notice stating with particularity the grounds of the objection or request, or make production under a designation that limits disclosure and/or transmission of produced documents.  If agreement cannot be reached promptly, counsel for all affected persons will send a letter to the Court.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

14.    The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing or trial held in this action, or any appeal therefrom.  In the event that any material previously designated as Confidential becomes public in a legal proceeding, that Protected Material will no longer be afforded confidential treatment under this Order.

15.    If a party intends to present at trial Protected Material that has been designated as Confidential or information derived therefrom, the documents may be presented in open court at trial unless the party or producing person received an order from the Court preventing such use.

16.    Each person who has access to Protected Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of an inadvertent disclosure of Protected Material, the disclosing party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Protected Material.

- 6 -

17.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

19.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal.  The receiving party shall not otherwise use or refer to the Inadvertently Disclosed Information in court filings, depositions, at trial or otherwise unless and until the Court rules that the Inadvertently Disclosed Information is not privileged or otherwise protected.

21.     Should a disclosing party make a claim of inadvertent disclosure during a deposition, and the receiving party has a good faith objection to the applicability of any privilege or protection, the receiving party may assert such objection on the record and exhaust its questions of the witness regarding such Inadvertently Disclosed Information, provided that the receiving party shall not assert such questioning as a ground for waiver

of any protection and that the portion of the deposition transcript containing such

questioning shall not be used or referred to by the receiving party in court filings,

subsequent depositions, at trial or otherwise unless and until the Court rules that the

Inadvertently Disclosed Information is not privileged or protected.   If the Court rules that

the Inadvertently Disclosed Information is privileged or otherwise protected, the portion of

the deposition transcript containing questioning regarding the Inadvertently Disclosed

Information shall be stricken from the record.

22.     The disclosing party retains the burden of establishing the privileged or protected

nature of any Inadvertently Disclosed Information.   Nothing in this Order shall limit the right of

any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Unless otherwise agreed or ordered, this Protective Order shall survive the

termination of the litigation.   Within 30 days of the final disposition of this action, including

appeals, if any, all Protected Material designated as "Confidential," and all copies thereof, shall

be promptly returned to the producing person unless: (1) the document has been offered into

evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of

return; or (3) as to documents bearing the notation, summations, or other mental impressions of the

receiving party, that party elects to destroy the documents and certifies to the producing person that

it has done so.  After dismissal or entry of final judgment not subject to further appeal, the

Clerk may elect to return to the producing person or, after notice, destroy documents filed or

offered at trial under seal or otherwise restricted by the Court as to disclosure.

24.     Notwithstanding the above requirements to return or destroy documents, counsel

may retain attorney work product, including an index which refers or relates to information

designated Confidential, so long as that work product does not duplicate verbatim sequential

portions of the text or images of Confidential documents. This work product shall continue to be Confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential documents.

25. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. Applications to amend or modify this Protective Order may be made by the parties or any other person with standing concerning the subject matter as may be warranted.

27. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

AGREED TO BY:                                    Dated September 17, 2021


/s/ *Andrew C. Weiss*                            /s/ *Thomas P. Halpern*
Andrew C. Weiss                                  Thomas P. Halpern
Borrelli & Associates, PLLC                      Henninger S. Bullock
910 Franklin Avenue, Suite 200                   MAYER BROWN LLP
Garden City, NY 11530                            1221 Avenue of the Americas
                                                 New York, New York 10020
*Counsel for Plaintiff Sanayi Beckles-*          (212) 506-2500
*Canton*                                         THalpern@mayerbrown.com
                                                 HBullock@mayerbrown.com

                                                 *Counsel for Defendant Lutheran*
                                                 *Social Services of New York, Inc.*




                                                 SO ORDERED.

 September 20, 2021
DATE:                                            _____
                                                 HON. KATHERINE POLK FAILLA, U.S.D.J.
                                                 UNITED STATES DISTRICT JUDGE



This agreement does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court will
retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                    :
SANAYI BECKLES-CANTON,                              :
,                                                    :
                                                    :   20-cv-04379-KPF
                                   Plaintiff,       :
                                                    :
                   - against -                      :
                                                    :
LUTHERAN SOCIAL SERVICES OF NEW                     :
YORK, INC.,                                         :
                                                    :
                                   Defendant.       :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## <u>NON-DISCLOSURE AGREEMENT</u>

1. I have reviewed the Protective Order to which this Attachment A is annexed.
2. By my signature below, I agree to the terms of the Protective Order.


By _____
                    (Print Name)


_____
                    (Signature)


_____
                    (Date)